Wallace, D. J.
The policy upon which this action was brought insured the dwelling-house of one Zimmer, and the loss was, by the terms of the policy, payable to the plaintiff “as his interest may appear.”
The policy contains the following conditions: “Any false representation by the assured of the condition, situation or occupancy of the property, or any omission to make known every fact material to the risk, or an overvaluation, or any misrepresentation whatever, either in a written application or otherwise; or if the property be sold or transferred, or any change take place in title or possession, whether by legal process, judicial decree, voluntary transfer or conveyance; or if the assured is not the unconditional and sole owner of the property; or if the interest of the assured in the property, whether as owner, trustee, consignee, factor, mortgagee, lessee or otherwise, is not truly stated in this policy, then, and in every such case, this policy shall be void.”
After the policy was issued, and before the loss, Zimmer failed to make payments according to his contract with plaintiff, and moved out of the dwelling. The dwelling was thereafter occupied by tenants. The question of fact was submitted to the jury whether Zimmer had surrendered or abandoned his contract to the plaintiff, with instructions that if there had been such surrender or abandonment the plaintiff could not recover. The jury found there had been no surrender or abandonment, and, by implication, that the tenants who occupied the premises were Zimmer’s tenants.
A verdict having been found for the plaintiff, the defendant now moves for a new trial.
It is insisted for the defendant that the policy is void because Zimmer was simply a vendee in possession of the premises under an executory contract to purchase of the plaintiff when the policy issued, and, therefore, “not the unconditional and sole owner of the property,” within the condition of the policy. It is also insisted that because Zimmer stated to defendant’s agent, at the time of applying for the insurance, that he “wished his house on Porter street insured,” without Stating specifically the nature of his interest, there was an *431 “omission to make known every fact material to the risk,” within the conditions which render the policy void. The objections to plaintiff’s right to recover may be considered together, and may be disposed of by the answer that Zimmer was the equitable owner of the property, and was the unconditional owner, except as to the plaintiff, and plaintiff’s interest was sufficiently indicated by notice that he had such an interest in the premises that the loss would be payable to him.
A party in possession of insured premises under a valid subsisting contract of purchase is the equitable owner, and has an insurable interest, although he has not paid the whole consideration money. He is not guilty of a misrepresentation if he represents the house as his when he applies for insurance, and there is no breach of warranty if the house is described as “his dwelling-house” in the policy. The statement and the state of facts are consistent with each other. There is no misrepresentation, because an intent to deceive cannot be inferred. There is no breach of warranty, because the representation is true in substance. Strong v. Manuf'rs Ins. Co. 10 Pick. 40; Ætna Fire Ins. Co. v. Tyler, 16 Wend. 386; Davis v Quincy Mutual Fire Ins. Co. 10 Allen, 113; Niblo v. North American Ins. Co. 1 Sandf. 551; Laidlow v. Liverpool, etc., Ins. Co. 11 Grant Ch. 377.
It was not incumbent upon Zimmer to make a fuller disclosure of his interest in the premises when he applied for insurance. His failure to do so was not an “omission to make known a fact material to the risk,” within the meaning of the policy. This clause in the policy is to be read with the other clauses of which it forms part, and applying the maxim “nosciiur a sociis” the word “omission” is equivalent to concealment in the contemplation of the policy. The cases cited are authorities to the effect that in view of Zimmer’s interest as equivalent owner of the premises, in the absence of specific inquiry, he communicated all that was material to the risk, and was not bound to specify the precise extent or nature of his interest. The fact that Zimmer moved out of the dwelling-house and let it to tenants is not a defence *432 within the condition that avoids the policy '‘if any change take place in title or possession.” The change of possession contemplated is something more than a change of occupation. It is a change effected “by legal process, judicial decree, voluntary transfer, or conveyance;” one which refers to his possessory right, and not to the occupancy of the insured. The possession of Zimmer’s tenants was his possession, within the meaning of the policy.
Finally, it is insisted for defendant that plaintiff should be defeated because the proofs of loss were made and verified by him and not by Zimmer; and, inasmuch as the policy requires the proofs cto be made by the insured, a condition precedent to a cause of action on the policy has not been complied with. It is a sufficient answer to this position that the defendant received and retained the proofs of loss served by the plaintiff, at the same time repudiating all liability upon the policy, upon the ground that Zimmer had no interest in the premises at the time of the fire. The plaintiff was the person to whom the whole loss was'payable by the terms of the policy, and the proper party to bring an action to recover it. By repudiating any liability under the policy to the person entitled to demand payment, the defendant waived any imperfections in the preliminary proofs. Angelí on Insurance, § 244.