Hasterlik v. New Jersey F. & P. Glass Ins. Co., 229 Ill. App. 604.

ute and taken care that the scaffold had been "erected and constructed in a safe, suitable and proper manner" and "so erected and constructed, placed and operated, as to give proper and adequate protection to the life and limb of any person or persons employed or engaged thereon, or passing under or by the same, and in such manner as to prevent the falling of any material that may be used or deposited thereon" the injury to Slaughter would not have occurred; and, further, there would have been no violation of the statute justifying the judgment in the Slaughter case. The sole reason why the plaintiff is unable to obtain relief is that it failed to perform its own duty in compliance with the statute.

---

**Simon Hasterlik, Appellee, v. New Jersey Fidelity & Plate Glass Insurance Company, Appellant.**

**Gen. No. 27,748.**

1. APPEAL AND ERROR—*conclusiveness of jury finding as to sufficiency of proof of loss.* A verdict for the insured will not be reversed on the ground that proof of loss was not made within the sixty-day period required by the policy where the issues of fact as to whether the proof of loss was received by the insurer within such period, and as to whether the insurer waived the sixty-day period by its actions subsequent to the expiration thereof, were specifically submitted to the jury in the instructions, to which no objections were made by the insurer, and where it is not contended that the verdict is against the manifest weight of the evidence.

2. INSURANCE—*offer in compromise admissible to prove previous waiver of time limit for proof of loss.* In an action to recover burglary insurance, evidence of an offer in compromise made by the insurer after the expiration of the sixty-day period provided by the policy for making proof of loss is admissible to show a waiver of the policy provision limiting time for proving loss.

3. INSURANCE—*cancellation of policy after loss ineffectual.* An insurer cannot escape liability for a loss under a policy of burglary

insurance by canceling the policy and returning a portion of the premium after the loss has occurred.

4. INSURANCE—*approval of alarm system by insurer before issuance of policy as waiver of requirements as to system.* Recovery on a policy of burglary insurance cannot be defeated on the ground that some openings in the insured premises were not wired with a burglary alarm system as required by the terms of the policy where the evidence shows that prior to the issuance of the policy a representative of the insurer inspected and approved the alarm system which had been installed and that the policy was then issued.

5. INSURANCE—*prohibition as affecting extent of recovery for loss of insured intoxicating liquors.* The amount of recovery on a policy insuring the owner of intoxicating liquors against their loss by burglary is not affected by the fact that after the policy was issued the Presidential proclamation made their sale or removal illegal after June 30, 1919, during the period of the war, or by the provisions of the Eighteenth Amendment prohibiting the purchase or sale of liquors for beverage purposes.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ROBERT E. GENTZEL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Affirmed. Opinion filed June 20, 1923.

BURT A. CROWE, for appellant.

EISENDRATH & SOLOMON, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against defendant on a policy of burglary insurance to recover the value of a stock of liquors stolen from the plaintiff's place of business. There was a verdict and judgment in plaintiff's favor for $4,903.20, to reverse which the defendant prosecutes this appeal.

The record discloses that plaintiff was engaged in the liquor business in Chicago and on November 27, 1918, the defendant issued to plaintiff its burglary insurance policy for $5,000. The policy was for a period of one year. On the 10th and 14th of August, 1919, plaintiff's premises were burglarized and certain of his merchandise was stolen. It was to recover

the value of this property that plaintiff brought suit. Defendant makes no contention that the place was not burglarized nor that the goods taken were not of the value of the amount of the judgment rendered, if the evidence upon which such value was predicated is sufficient.

1.   The defendant first contends that the judgment is wrong and should be reversed because proof of loss was not made until after the expiration of sixty days from the date of the burglary, and that such proof of loss was not in fact made until about November 27, 1919, and, therefore, not within the time limited by the policy.   The evidence shows that immediately after the burglaries were committed plaintiff informed a representative of defendant and the latter sent its investigator or adjuster to look into the matter; that he examined the premises and went over plaintiff's books to ascertain the quantity of goods that had been taken; that a written list of the stolen goods together with the value of the several items was at that time prepared by defendant's representative and taken with him; that negotiations looking toward settlement were thereafter had between the parties and that finally the defendant, through its adjuster, offered to pay plaintiff $1,500 on account of the loss.   This offer apparently was made more than sixty days after the loss occurred.   The defendant's argument is that since the proof of loss was not made within sixty days after the loss, as required by the policy, no recovery can be had. On the other hand, plaintiff contends that proof of loss was made within sixty days and that the jury so found. He further contends that this provision was waived.

The evidence tends to show that the defendant's representative was located in the Insurance Exchange Building, Chicago, and that the companies in that building maintained a mail delivery system within the building and employed their own messengers for that purpose; that each office was provided with a box wherein they deposited mail addressed to other insur-

ance companies in the building, which mail was collected by the messengers and delivered at regular intervals throughout the day; that plaintiff with the assistance of the broker who wrote the insurance in question made out proper proofs of loss within the sixty-day period and that the same were addressed to the defendant's local office in the same building and deposited in the box provided for that purpose in the broker's office. The proofs of loss were produced by the defendant at the trial. Witnesses for the defendant, however, testified that they did not see such proofs of loss until sometime in November, which was after the expiration of the sixty-day period. Even if it be assumed that the testimony offered on behalf of defendant in this respect were true, it would not necessarily follow that the proofs were not received by other employees in defendant's office within the sixty-day period. However, the question whether the proofs had been received within sixty days was one for the jury and that question was specifically submitted in the instructions, and at the conclusion of the court's charge to the jury counsel for defendant made no objection to the instructions but stated in substance that he was satisfied with the court's charge. The court also told the jury that the requirement in the policy that proof of loss be furnished within sixty days from the date of the loss might under certain circumstances be waived. And the question whether there was such a waiver was submitted to the jury as a fact to be determined by them. As already stated, counsel for defendant conceded at the trial that the instructions were proper, and no argument is made here that the finding of the jury is against the manifest weight of the evidence. In these circumstances, of course, the verdict ought not to be disturbed.

2.   Complaint is also made by the defendant to the admission of evidence on behalf of the plaintiff tending to show that the defendant offered to pay $1,500 in settlement of plaintiff's claim. It is said that this

was error because it is never proper to admit evidence of an offer to compromise. But the record discloses that this evidence was offered as tending to show a waiver of that provision of the policy requiring that proofs of loss be furnished within sixty days. The court instructed the jury that they might take into consideration such offer in determining whether the defendant had waived that provision. We think the evidence was proper on the question of waiver.

3. It is next contended by the defendant that the judgment is wrong because the evidence shows that in April, 1920, it returned to plaintiff part of the unearned premium and canceled the policy as of July 1, 1919. Of course there is no merit in this contention. It is elementary that a policy of insurance such as the one in question cannot be canceled after a loss has occurred so as to affect the rights of the plaintiff so far as that particular loss is concerned.

4. A further point is made that no recovery can be had because the policy required that all openings in plaintiff's premises, such as doors and windows, be wired with a burglar alarm system, and that the evidence discloses that all the openings were not wired. The evidence shows that prior to the issuance of the policy a burglar alarm system was installed and that the premises were thereafter inspected by a representative of defendant and approved and the policy issued. It is obvious that there is no merit in the contention.

5. It is also argued that the evidence did not warrant the amount of the verdict and judgment. The argument seems to be that on July 1, 1919, by proclamation of the President, it was made illegal for the plaintiff to dispose of his stock of liquors and that thereafter the Eighteenth Amendment to the federal Constitution became effective, so that it has since been illegal to buy or sell liquors. It is argued that by virtue of the proclamation and the constitutional amend-

Hasterlik v. New Jersey F. & P. Glass Ins. Co., 229 Ill. App. 604.

ment there was no market value for the liquors. The proclamation of the President prohibited the selling or removal of liquors "until the close of the present war and thereafter until the termination of demobilization, the date of which shall be determined and proclaimed by the President of the United States." This proclamation became effective June 30, 1919, but there was no reason why a person might not sell such liquors in August, 1919, although they might not then be removable. Nor did the proclamation of the President nor the Eighteenth Amendment render the liquors without value. The amendment only prohibited the purchase and sale of liquors for beverage purposes. Such liquors might legitimately be used and sold for purposes other than as a beverage. A witness for the plaintiff testified that he was familiar with the value of these liquors at the time of the burglary, and stated such value in detail. There being no countervailing evidence, the testimony of this witness was sufficient.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

THOMSON, P. J., and TAYLOR, J., concur.
Vol. CCXXIX 39.