No. 28,372.

F. W. KINNEY and L. R. BYLER, *Appellees,* v. THE HUDSON INSURANCE COMPANY, *Appellant.*

(273 Pac. 416.)

Opinion filed January 12, 1929.

*H. O. Trinkle,* of Garden City, for the appellant.

*C. E. Vance, Clifford R. Hope* and *A. M. Fleming,* all of Garden City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: This action is one to recover on a policy insuring wheat against loss or damage caused by hail. Judgment was rendered in favor of the plaintiffs, and the defendant appeals.

The cause was submitted to a jury, which answered special questions, but under an agreement of the parties a general verdict was not returned. The answers to the special questions were as follows:

"1. Did the plaintiffs send to the defendant their sworn proof of loss within sixty days from the date of the loss, as required by paragraph No. 20 of the stipulations and conditions of said policy? A. No.

"2. Was it the custom of the defendant company to require proof of loss as suggested by paragraph 20 of the policy before making adjustments of loss? A. No.

"3. Did the witness Goddard at the conversation at the combine agree to return and inform plaintiff Byler, in event the adjustment with the Home Insurance Company was not satisfactory with adjuster Aldrich as a basis for settlement of the hail loss with defendant company? A. Yes.

"4. Did the defendant company request the witness Goddard, about the month of October or November, 1926, to attempt to make a settlement with the plaintiffs of plaintiffs' claim for loss sued on in this case? A. Yes.

"5. If you answer question No. 4 in the affirmative, did the witness Goddard enter into negotiations with plaintiffs for an adjustment or compromise of plaintiffs' said claim? A. Yes.

"6. What was the average yield per acre of wheat harvested by plaintiffs from their 720 acres? A. 22½ bu.

"7. What was the fair average yield per acre of wheat in 1926, in the immediate neighborhood of plaintiffs' said crop? A. On sod ground 30 bu. On old ground 18 bu.

"8. What percentage, if any, of the plaintiffs' wheat crop was destroyed by the hailstorm of June 17, 1926? A. 16½ per cent on SE¼ of section 32 and S½ of section 33; 17 per cent on 240 acres in section 34."

1. One complaint of the defendant is that "the evidence does not support the allegation of the petition that the adjuster G. W. Aldrich orally agreed to allow to appellee the percentage of loss which they claimed." The petition, among other things, alleged:

"That shortly after such hail loss, one G. W. Aldrich, a duly authorized adjuster of said defendant company, inspected the fields of wheat above described and orally agreed to allow plaintiffs the per cent of loss hereinbefore claimed."

There was evidence which tended to prove that G. W. Aldrich was the adjuster of the defendant; that he and R. J. Goddard, the local agent of the defendant, after being notified concerning the loss, went to the wheat field of the plaintiffs; that Aldrich, after arriving at the field, sent Goddard into the field to interview one of the plaintiffs who was then working in the field, to talk with him concerning the loss and its adjustment; that the Home Insurance Company had issued a policy to the plaintiffs insuring the plaintiffs against loss or damage to the wheat caused by hail; that the Home

Insurance Company had effected an adjustment of the loss with the plaintiffs; that when Goddard interviewed the plaintiff in the field he was informed concerning the adjustment of the loss by the Home Insurance Company, and stated that he would inform Aldrich, and if the adjustment were not satisfactory the plaintiffs would be informed of that matter; that Aldrich desired to see the papers on which the adjustment with the Home Insurance Company had been made, but he did not succeed in seeing those papers; that afterward negotiations were had between the plaintiffs and the defendant looking to an adjustment of the loss; but that no adjustment was ever effected. That evidence sufficiently supported the allegation of the petition so that the defendant's claim of error thereunder cannot be sustained.

2. The defendant argues that no proof of loss was ever furnished to the defendant by the plaintiffs as was required by the policy. The policy stipulated that the defendant should not be liable thereunder unless proof of loss should be made within sixty days after the loss was sustained. Such proof of loss was not made. The plaintiffs contend that it was waived by the negotiations of the defendant for an adjustment of the loss without proof having been first made. That contention must be sustained.

In *Clark v. Insurance Co.,* 105 Kan. 728, 185 Pac. 1056, this court declared the law to be that—

"Where a holder of fire insurance policies suffers a loss and notified the insurance company thereof, and the company's adjuster is sent to investigate the loss, and he with assistance of the assured makes an estimate and inventory of the property, and he and another agent of the company make repeated offers to settle with the assured on the basis of such inventory, which offers are declined by the assured, and the company demands an arbitration of the amount of the loss, the acts of the company and its agents are a waiver of more formal proofs of loss; but the assured is not bound by the amount of the loss as calculated by the adjuster; and in an action to recover on her policies, the assured is entitled to judgment for the full amount of her loss, regardless of the inventory, when the defendant knew that the plaintiff had denied its fairness from the time it was made." (Syl. ¶ 1.)

The author in 7 Cooley's Briefs on Insurance, 6004, says:

"A distinct recognition of liability by the company, made under such circumstances as reasonably to show that it is satisfied as to the loss, will amount to a waiver of formal notice and proofs, or of defects therein."

The company by its conduct waived formal proof of loss.
The judgment is affirmed.

Hutchison, J., not sitting.