No. 28,537.

BERT MOODY, *Appellee,* v. THE PROVIDENCE WASHINGTON
INSURANCE COMPANY, *Appellant.*

(275 Pac. 131.)

Opinion filed
March 9, 1929.

*H. O. Trinkle,* of Garden City, for the appellant.

*E. R. Thorpe, C. E. Beymer,* both of Lakin, *C. E. Vance* and *A. M. Flem-*
*ing,* both of Garden City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover on a policy of hail
insurance on a crop of growing wheat and barley in Haskell county.

In 1927 plaintiff held one of defendant's hail insurance policies
on 190 acres of wheat and 50 acres of barley. During the growing

season about 30 acres of the wheat were destroyed by drought, and on June 2 the remainder was totally destroyed by a severe hailstorm. Plaintiff notified the local agent of defendant on June 3. About June 20 the defendant's adjuster examined plaintiff's fields, and in settlement of any and all claims for hail losses he offered to return the plaintiff's promissory note for $125 which had been given as the premium for the policy of insurance.

This offer was declined and this action begun. Plaintiff alleged the facts and set up a copy of the policy with all its conditions appended thereto. Some of these provided that if the insured did not notify defendant by registered mail within 48 hours after any hail damage suffered by him the insurer would not be liable; and if a detailed statement of such damage with verified proof of loss were not likewise delivered to the insurer within 60 days there would be no liability; and another stipulation of the policy was that if the crop damaged by hail would not have paid expenses of harvesting, threshing, and marketing, and yield some profit in addition thereto if there had been no hailstorm, the insurer would not be liable.

Defendant answered alleging that plaintiff had not furnished the stipulated proof of loss within 60 days, and that plaintiff's crop of wheat and barley had been totally destroyed by drought before the hailstorm of June 2.

Jury trial; general verdict for plaintiff; and special findings, viz.:

"Question One. (a) If you find for the plaintiff, how much do you allow for damage to his wheat? A. $800.

"(b) How much for damage to his barley? A. $250."

Judgment was entered accordingly and defendant assigns and argues several errors, the first of which pertains to the overruling of its demurrer to plaintiff's evidence. Defendant directs attention to the precedent requirement of the policy that it should receive notice by registered mail within 48 hours. However, this defense is apparently an afterthought, for the answer did not plead such want of notice. Moreover, some sort of compliance with this provision was given, since it did bring defendant's adjuster and he made a substantial offer of settlement. These incidents constituted a waiver of whatever was lacking in the required formality of the 48 hours' notice. (*Mayse v. Great American Ins. Co.,* 123 Kan. 692, 256 Pac. 1002; *Kinney v. Hudson Ins. Co.,* 127 Kan. 264, 273 Pac. 416.) It is argued, however, that the rule of the cases just cited does not apply here because defendant's offer to settle was not for any sub-

stantial sum of money, and that the mere offer to return plaintiff's note was practically no offer of payment at all. We cannot approve that contention. A promissory note for $125 whose maker has not been financially discredited is presumably a consideration of substantial character.

Error is also based upon the trial court's instruction touching the requirement that plaintiff should furnish proof of loss within 60 days. While an issue of fact was joined on that point by defendant's answer, yet the evidence made it perfectly clear that this proof was timely made and acted upon by defendant long before the 60 days had expired, and consequently it is immaterial what the court instructed on that matter. That such instruction was superfluous under the circumstances was all that can be said against it, but it is not suggested that the giving of it confused the jury.

Error is also predicated upon the court's refusal to rule that the burden was on the plaintiff to prove that the crop of wheat and barley would have paid expenses and a profit. We do not think that burden rested on plaintiff. In the first place, no such defense was fairly pleaded, but if the nebulous reference in defendant's answer touching the destruction of the crop by drought prior to the hailstorm be so construed, then it was incumbent on defendant to back its pleading with some evidence sufficiently tangible to convince the jury. It is argued that the plaintiff should bear the burden of adducing evidence on that point. We think not; but in this case he did do so. Plaintiff's evidence, uncontroverted, tended to show that only 30 acres of the wheat was ruined by drought, and that 160 acres of it was in good growing condition and an average crop that year in that community (from 8 to 15 bushels per acre). We think a western Kansas district court and jury did not need formal evidence to prove that an average wheat crop on a quarter section of land will pay expenses and return some profit to the grower. (*State v. Phillips,* 106 Kan. 192, 186 Pac. 743; 5 Wigmore on Evidence, 2d ed., §§ 2570, 2571, 2581; 23 C. J. 64, 166; 14 R. C. L. 1057 *et seq.*)

We come, however, to one point made by defendant for which plaintiff has no ready answer. Plaintiff's formal but undated proof of loss, reads:

"Notice is hereby given that I the undersigned sustained a hail loss the night of June 2, 1927, on my growing crop consisting of wheat under policy number 2359 P, dated April 21, 1927, which expires September 1, 1927.

"On ¾ interest in 190 acres of wheat in ½ sec. 16, T. 29, R. 33, insured for $5 per acre, no other insurance, that said loss is estimated to be 100 per cent, determined as follows.

"By actual count 100 per cent down, caused by hail."

[Verification.]

This proof of loss furnished no information about any damage to the barley crop and did not intimate that plaintiff expected any reimbursement therefor. Plaintiff's demand for damages for the loss of the barley was consistently resisted in defendant's answer and throughout the trial. Mayhap a complete failure to furnish proof of loss could be waived, and waiver might similarly be invoked if the information required by the rules of the company and stipulations of the policy were merely scant or indefinite, but the absence of any reference to damages to the barley in a proof of loss giving specific information concerning damage to the wheat cannot be supplied by waiver. When the adjuster offered the return of the $125 note he knew of the claim of 100 per cent loss of the wheat, and presumably knew he was waiving any want of notice or want of strict compliance with the requisites of the proof of loss concerning the wheat, but it would not be fair to build up therefrom a waiver to cover a total want of proof of loss as to the barley. A waiver of a contract right is a voluntary and intentional renunciation of it. (*Street Lighting Co. v. City of Wichita,* 101 Kan. 452, 168 Pac. 1090.) While the adjuster's offer to settle could fairly be construed as a waiver to any insufficiency in the proof of loss as to the wheat because he knew of plaintiff's claim therefor, that waiver could not be extended to cover damages to the barley for which no claim had been made.

It follows that the judgment for plaintiff must be modified by eliminating the item allowed for the barley, and thus modified it will be affirmed.