## SECURITY INSURANCE CO. v. McALISTER.

No. 16927.   Opinion Filed Oct. 22, 1929.

Rittenhouse & Rittenhouse and R. U. Livesay, for plaintiff in error.

Sigler & Jackson, for defendant in error.

TEEHEE, C.   This is the second appeal in this case.  In this appeal, as in the first, the parties appear in the reverse of their appearance in the trial court.  We will refer to them as they appeared there.

Plaintiff seeks to recover on an insurance policy issued by defendant.  Among other things the policy insured against loss by theft of an automobile.  The first case is reported in 90 Okla. 274, 217 Pac. 430. There the matter adjudicated was the question of the insufficiency of the evidence to sustain the judgment for plaintiff, and arose on defendant's demurrer thereto based on the grounds that there was no evidence to show the value of the automobile at the time of the alleged theft, and that proof of loss was not made to defendant as provided by the policy, and the insufficiency of the evidence to constitute an estoppel or waiver of the forfeiture on account of the failure to make such proof of loss.  Upon these contentions the court held:

"(1)  Where suit is brought to recover on an insurance policy covering an automobile, the burden is on the plaintiff to show the value of the car at the time of the loss, and proof of value at the time the policy was issued without other testimony showing how the car had been used and the condition at the time it was stolen as compared with condition at the time it was insured, or other facts from which the value of the car at the time of the loss can be ascertained, is insufficient.

"(2)  In order for the acts and conduct of the insurer to estop it from claiming forfeiture of the policy, it must appear that the acts or conduct of the insurer misled the insured and caused him to alter his situation to his prejudice.

"(3)  Where the acts of the insurer show an intention to relinquish the right of forfeiture for failure to give proof of loss, such acts will be held to constitute a waiver, and in such cases the facts need not be such as to amount to estoppel; but where the petition of the p'aintiff al'eges no facts tending to show a waiver, but evidence tending to show waiver is introduced over the objection of defendant, such evidence will not be considered in determining the sufficiency of the evidence on a demurrer."

Another point in that appeal was the sufficiency of the petition to state a cause of action for that neither ownership of the automobile by plaintiff at the time of the issuance of the insurance policy, nor its value at the time of the loss, were alleged.  This point was pretermitted, the court observing:

"The defendant filed a demurrer to plaintiff's petition, which was overruled, and this action of the trial court is assigned as error. The petition did not allege that the plaintiff was the owner of the automobile insured at the time the insurance policy was issued, or at the time of the loss, neither did it allege the value of the automobile at the time of the loss.  The petition in these respects was defective, but it is not necessary for us to determine whether it was error for the trial court to overrule the demurrer, as the cause must be reversed on other grounds and the petition can be amended in the trial court so as to correct the above-mentioned defects."

Upon remandment of the case for a new trial, plaintiff met the deficiencies of the petition by the filing of an amended petition. Upon unsuccessful intermediate pleadings, defendant answered by denial of all of the allegations except such as were admitted, and further that plaintiff misrepresented certain material facts in respect to the property insured, which voided the policy; that by the terms of the policy, plaintiff was estopped to plead that defendant had waived any of the terms and conditions thereof; and that the cause as alleged and set forth in the amended petition was barred by the statute of limitations, to all of which new matter plaintiff replied by denial thereof.

The cause proceeded to trial before a jury. Defendant objected to the introduction of any evidence by plaintiff for that, among other grounds, the original petition did not state a cause of action, and the amended petition having been filed more than 12 months after the alleged loss, the action was barred by the statute of limitations. The objection was overruled. At the conclusion of plaintiff's evidence, defendant interposed a demurrer and moved for a directed verdict on the grounds of the insufficiency of the evidence to establish loss by theft of the automobile, and waiver of the filing of a proof of loss, which demurrer and motion were denied. Defendant offered no evidence. Upon motion of plaintiff, the court directed a verdict for plaintiff, and thereon entered judgment of recovery.

For a reversal of the judgment, defendant submits several propositions, the first being:

"That the original petition filed by the plaintiff wholly failed to state a cause of action, and the amended petition being filed more than 12 months after the alleged loss was barred by the statute of limitations. That the filing of a petition which wholly fails to state a cause of action does not toll the running of the statute of limitations."

Thereunder, defendant says:

"The original petition did not state a cause of action. It is our contention that to state a cause of action upon an insurance policy for the theft of personal property, the plaintiff must allege and prove the following elemental facts:

"(1) Ownership of the property at the time of the issuance of the policy.

"(2) Ownership of the property at the time of the alleged loss.

"(3) Value of the property at the time of the alleged loss.

"(4) That the personal property alleged to have been lost is the same property set forth and described in the policy.

"Plaintiff in error maintains that each and every one of the above enumerated averments is a necessary, constituent part, a material ingredient of a cause of action under an insurance policy for loss of personal property, and that a petition that does not contain such averments, or either of them, does not state a cause of action.

"The original petition of defendant in error did not allege ownership at the time the policy was issued, and did not allege ownership and value at the time of the alleged loss, and, being wanting in these essential allegations, wholly failed to state a cause of action."

And proceeding on that theory, citing authorities, defendant contends that the amended petition, which admittedly stated a cause of action, having been filed more than 12 months after the time of the alleged loss, the same was barred by the statute of limitations.

Under substantially the same state of pleadings, this court, in United States Fire Insurance Co. v. Whitchurch, 139 Okla. 1, 280 Pac. 834, denied a like contention, the court holding:

"Where an original petition sought to recover on a fire insurance policy and the same was not good as against a general demurrer, but set out the names of the parties plaintiff and defendant, alleged the contract of insurance as between the plaintiff and defendant, attached a copy of said insurance policy to the petition and made it a part thereof, and alleged the fire and damage by reason thereof, and after the statute of limitations has become complete an amended petition was filed, which did not state a new or different cause of action and did not change substantially the plaintiff's claim, it is but the perfection of the imperfect statement of the cause of action originally stated. Held, the amended petition relates back to the filing of the original petition, and the action was not barred by the statute of limitations of one year."

The rule of that case is here controlling, and thus defendant's first proposition must be denied.

Defendant's second proposition raises the question of the sufficiency of the evidence to sustain the judgment in the case. This arises upon the overruling of defendant's demurrer to plaintiff's evidence, and its motion for a directed verdict, the points thereunder urged going to the sufficiency of the evidence to establish the theft of the automobile, and waiver of the filing of the proof of loss.

In respect to the first point, it appears

from the evidence that plaintiff drove his car from Ardmore, Okla., to El Paso, Tex., where he drove up in front of a hotel in the day time, locked the transmission, removed and took the key, and went into the hotel, remaining 30 or 45 minutes, and when he returned to where the car was parked, it was gone, and he thereupon notified the police, and by wire notified the agents of defendant at Ardmore who had issued the policy of insurance. This is substantially all the evidence upon the subject. We think it to be sufficient to establish the loss of the automobile by theft, and therefore is not controlled by the case of American Insurance Co. v. Jueschke, 110 Okla. 250, 237 Pac. 585, relied on by defendant in this relation, where the evidence of theft was held to be insufficient. An examination of that case shows an entirely different state of facts than is here presented.

As to a waiver, the evidence mainly consisted of a telegram from plaintiff to defendant's agents at Ardmore advising loss, and a letter to the same parties requesting that if any papers are required to be made out, to send same to plaintiff, and other correspondence between defendant and its agents and plaintiff's attorneys in further relation to the claim, all covering a period from the date of loss on August 18, 1921, to February 15, 1922.

Defendant proceeds on the theory that the correspondence between it and its agents only went to the extent of showing an investigation of plaintiff's claim, which, under numerous cases, has been held to be insufficient to establish a waiver.

We think the evidence reasonably tended to show more than a mere investigation of the circumstances, and was for the purpose of determining the merits of the claim, and thus showed an intention on the part of defendant to relinquish its right to declare a forfeiture. Defendant thus brought itself within the rule as laid down in the third paragraph of the syllabus in the case on the first appeal, and therefore within the general rule as set out in paragraph 376, 14 R. C. L. 1197, to wit:

"It is the general rule that when an insurer, with knowledge of any act on the part of the insured which works a forfeiture, enters into negotiations with him which recognize the continued validity of the policy, and thus induces him to incur expense or trouble under the belief that his loss will be paid, the forfeiture is waived."

Among numerous cases collated in support of the text is that of Gish v. Insurance Company of North America, 16 Okla. 59, 87 Pac. 869, 13 L. R. A. (N. S.) 826, in which the subject of waiver was treated at length, with collation of authorities applying the rule above referred to and followed in the case in hand on the first appeal. See, also, American Insurance Co. v. Dannehower, 89 Ark. 111, 115 S. W. 950; Queen Insurance Co. v. Patterson Drug Co., 73 Fla. 665, L. R. A. 1917D, 1091; Teasdale v. City of New York Ins. Co., 163 Ia. 596, 145 N. W. 284, Ann. Cas. 1916A, 591.

As, in our view, the evidence established the points in respect to which complaint is made, as we have already indicated, a detailed analysis thereof would serve no useful purpose. It therefore follows that as there is competent evidence in the record reasonably tending to support the judgment in the case, under the well established rule, the same must be and the same is hereby affirmed.

FOSTER, REID, LEACH, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. 8 A. L. R. 1405; 17 R. C. L. p. 815; 3 R. C. L. Supp. p. 737; 6 R. C. L. Supp. p. 1036; 7 R. C. L. Supp. p. 582. See, "Appeal and Error," 4 C. J. §2853, p. 879, n. 83. "Burglary and Theft Insurance," 9 C. J. §14, p. 1099, n. 71. "Limitations of Actions," 37 C. J. §509, p. 1072, n. 18.