*J. B. Hatchell, Atkinson & Allen,* for defendant.

24346. GODLEY *et al.* v. NORTH RIVER INSURANCE COMPANY.

JENKINS, P. J. 1. In the absence of an express stipulation in an insurance policy that the furnishing of a notice, or a proof, of loss within the time specified shall be a condition precedent to a recovery, a provision merely that no suit shall be brought on the policy unless all of its requirements have been complied with will not bar an action where the insured failed to furnish the notice or proof within the time required, provided that he did so within a reasonable time after the loss, and in accordance with any other provisions in the policy fixing the beginning of liability at a specified time after receipt of notice or proof of loss and limiting the time for suit after the loss. *Columbian National Life Ins. Co.* v. *Miller,* 140 *Ga.* 346 (2), 350-352 (78 S. E. 1079, Ann. Cas. 1914D, 408); *Southern Fire Ins. Co.* v. *Knight,* 111 *Ga.* 622, 624-626 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216); *Frye* v. *Continental Life Ins. Co.,* 43 *Ga. App.* 849, 851 (160 S. E. 544); *Peoples Loan & Savings Co.* v. *Fidelity & Casualty Co.,* 39 *Ga. App.* 337 (147 S. E. 171); *Sentinel Fire Ins. Co.* v. *McRoberts,* 50 *Ga. App.* 732 (179 S. E. 256).

2. Where a notice of loss was not furnished to the insurer within the time specified by a policy such as above stated, but was subsequently given, whether or not the notice was given within a reasonable time would generally be "a question of fact to be determined by the jury under all the stipulations of the policy and all the facts and circumstances of the case." *Harp* v. *Fireman's Fund Ins. Co.,* 130 *Ga.* 726 (3), 729 (61 S. E. 704, 14 Ann. Cas. 299); *Columbian National Life Ins. Co.* v. *Miller,* and *Southern Fire Ins. Co.* v. *Knight,* supra. In determining such a question, a jury should give effect to the rule that ignorance of the fact of loss under a policy, or other disability making impossible a literal compliance with this requirement, will generally excuse a failure or delay in giving notice while such ignorance or disability continues, but that the burden is on the insured to excuse his failure to perform any such unambiguous term of the contract, and to show that he complied therewith within a reasonable time after the cause preventing a compliance ceased to exist and it became possible for him to do so. *North American Accident Ins. Co.* v. *Watson,* 6 *Ga. App.* 193

(1-4), 195 (64 S. E. 693); *Pilgrim Health & Life Ins. Co.* v. *Chism*, 49 *Ga. App.* 121 (174 S. E. 212); 33 C. J. 16.

3. In the instant suit on a tornado and storm-insurance policy by the insured owners of an apartment building, the policy provided for notice of loss within ten days, and was otherwise as above indicated. The plaintiffs testified that they had no knowledge of the damage to the building and the loss under the policy until some thirty or thirty-five days thereafter, and that they gave notice of the loss within a day or two after receiving their first information. Under this testimony and the foregoing rulings, it was for the jury to say whether the notice was given within a reasonable time, under all the facts and circumstances. This is true although the testimony failed to support the contention of the plaintiffs that they were excused from giving notice by the fault of the defendant company, because the policy had not been delivered to them or their rental agents by the agent of the company which wrote the policy, since the proof showed that the original policy had been delivered to the mortgagee of the property, and that one or more of the plaintiffs knew of the existence of the insurance, although a certificate of insurance had not been furnished to their rental agents, and these agents had no knowledge of the insurance. The fact that these rental agents knew of the loss but did not know of the insurance, and that the plaintiff owners knew of the insurance but did not know of the loss, would not preclude the plaintiffs from recovering, unless under these and all other facts and circumstances the jury should believe that the notice was not given within a reasonable time. It was therefore error to grant a nonsuit.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

DECIDED APRIL 9, 1935. REHEARING DENIED JUNE 14, 1935.

*Oliver & Oliver,* for plaintiffs.

*Lawton & Cunningham, Smith, Smith & Bloodworth,* for defendant.