41111, 41112. TRAVELERS INDEMNITY COMPANY v.
MARKS; and vice versa.

PANNELL, Judge. ■ While under an automobile policy which
provides that the filing of proper proofs of loss within 91 days is
a condition precedent to recovery under the policy, an offer to
settle may present a jury question as to whether the offer was
so small as to amount to a refusal to pay, which refusal to
pay would constitute a waiver of the filing of proofs of loss,
*Great American Co-Operative Fire Assn. v. Jenkins,* 11 Ga.
App. 784 (76 SE 159), *Moore v. Dixie Fire Ins. Co.,* 19 Ga.
App. 800 (92 SE 302), *Firemen's Ins. Co. v. Oliver,* 53
Ga. App. 638 (186 SE 706, conforming to 182 Ga. 212, 184
SE 858), *Firemen's Ins. Co. of N. J. v. Allmond,* 105 Ga. App.
763 (3) (125 SE2d 545), such offer, to be effective as a waiver,
must occur within the time provided for filing proofs of loss.
*Lloyd v. Aetna Life Ins. Co.,* 50 Ga. App. 478 (4) (178 SE
479); *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311 (130
SE2d 236); *Phenix Ins. Co. v. Searles,* 100 Ga. 97 (27 SE
779). It follows, therefore, that where, as in the present case,
in a suit upon such a policy, it is not alleged that proofs of
loss were made as required by the policy, and it appears that
the claimed refusal to pay was made after the time within
which the proofs of loss were required to be made, the petition
fails to set forth a right of recovery under the policy and the
trial court erred in overruling the general demurrer to the
petition. See *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311,
supra, holding that repeal of *Code* § 56-831 by the Act of
1960 (Ga. L. 1960, pp. 289, 754) did not affect the principle
set forth therein.

■ The special demurrers to the petition which were overruled
were either met by proper amendment or the overruling was
harmless error in view of the fact that the portions of the
petition demurred to were effectively disposed of by the sus-
taining of other special demurrers. It follows that there was
no reversible error in the overruling thereof.

■ The sustaining of the special demurrers to the petition, which
is complained of in the cross bill of exceptions, was proper
in view of the allegations of the petition.

■ In view of the ruling in Division 1 all other proceedings in
the case were nugatory and the assignment of error on the
overruling of the motion for new trial is not passed upon.

*Judgment reversed on main bill; affirmed on cross bill.   Nichols, P. J., and Eberhardt, J., concur.*

DECIDED MARCH 8, 1965—REHEARING DENIED MARCH 23, 1965.

*Robert Edward Surles,* for plaintiff in error.
*Archibald A. Farrar,* contra.