41188. PROGRESSIVE MUTUAL INSURANCE COMPANY
v. BURRELL MOTORS, INC.

FELTON, Chief Judge. 1. Forfeitures are not favored by the law. Where a policy of insurance provides that when loss occurs, the insured shall file a sworn proof of loss within sixty days after the occurrence, and also provides that "payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy nor until thirty days after proof of loss is filed and the amount of loss is determined as provided in this policy," a mere failure to furnish proper proofs of loss *within the 60-day period* will not work a forfeiture of the policy unless there is an express stipulation to that effect. *Southern Fire Ins. Co. v. Knight,* 111 Ga. 622 (36 SE 821, 52 LRA 70, 78 ASR 216); *Harp v. Fireman's Fund Ins. Co.,* 130 Ga. 726 (1) (61 SE 704, 14 AC 299); *Godley v. North River Ins. Co.,* 51 Ga. App. 242 (1) (180 SE 385); *Pooser v. Norwich Union Fire Ins. Co.,* 51 Ga. App. 962 (2) (182 SE 14); *Columbian Nat. Life Ins. Co. v. Miller,* 140 Ga. 346 (2) (78 SE 1079). But where no proof of loss is filed, in the absence of waiver or estoppel the condition precedent to an action on the policy has not been met and the petition is subject to general demurrer.

2. An absolute refusal to pay on the part of an insurer, to constitute a waiver of its right to require filing of proof of loss forms, must be made within the 60 day period during which proof of loss forms are required to be filed, and a subsequent refusal after such time has elapsed will not obviate the neces-

sity of filing. *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311 (130 SE2d 236). An admission of liability and an expression of willingness to pay the loss, even though not in the amount insisted upon by the insured, does not necessarily have a like effect. A refusal to pay may itself be based on the fact that the policy provisions as to proofs of loss have not been met, or that delay in their tender has prejudiced the rights of the company. A failure on the part of the company to furnish proof of loss forms after written notice of the loss also constitutes a waiver. *Code Ann.* § 56-2427. Where an insurance adjuster stated, within the 60 day period following the loss and after notice and investigation, that a prompt settlement would be made, a waiver by implication of the right to require proof of loss forms resulted and the insurer had no right to demand at a later time, but prior to the bringing of the action, that such forms be filled out. *Sentinel Fire Ins. Co. v. McRoberts,* 50 Ga. App. 732 (179 SE 256). And, while there is authority to the contrary, the better view appears to be that where the insurance company is promptly notified of the loss, makes its investigation and thereafter admits liability or enters into negotiations for settlement, the jury may find that a waiver of the insurer's right to insist on the filing of such forms has been waived. See Nathan Miller, Inc. v. Northern Ins. Co., 42 Del. 523 (39 A2d 23); Fink v. Lancashire Ins. Co., 66 Mo. App. 513; Hasterlik v. N. J. Fidelity & Plate Glass Ins. Co., 229 Ill. App. 604; Johnston v. Manhattan F. & M. Ins. Co., 294 Mich. 550 (293 NW 747); Van Allen v. Farmers' Joint Stock Ins. Co., 10 Hun. 397 (aff. 72 NY 604); American Ins. Co. v. Rector, 172 Ark. 767 (290 SW 367); Nebraska Drillers, Inc. v. Westchester Fire Ins. Co., 123 FSupp. 678; Providence Washington Ins. Co. v. Wolf, 168 Ind. 690 (80 NE 26, 120 ASR 395); Reliance Motor Co. v. St. Paul F. & M. Ins. Co., 165 Minn. 442 (206 NW 655); Security Ins. Co. v. McAlister, 139 Okla. 176 (281 P 766); Kinney v. Hudson Ins. Co., 127 Kan. 264 (273 P 416); Pittsburgh v. Firemen's Ins. Co., 366 Pa. 49 (76 A2d 368); Lusk v. American Central Ins. Co., 80 W. Va. 39 (91 SE 1078); Johnston Mfg. Co. v. Great American Ins. Co., 84 FSupp. 20. In this connection see generally 49 ALR2d, Anno., p. 87 et seq. This rule has been abrogated in this State by statute in cases involving mere negotiations and investigation as will hereinafter appear.

3. In the present case it appears that an automobile insured by the defendant showing Cecil Glover as named insured and the plaintiff as loss payee as its interest might appear was a total loss as the result of a collision occurring October 21, 1963. The plaintiff learned of the collision about two weeks later and immediately notified the defendant. The petition fails to show that the notice was in writing, or that, if so, the insurer thereafter failed to forward proof of loss forms, both of which would have been necessary to constitute a waiver under *Code Ann.* § 56-2427. Within a few days the defendant's adjusters investigated the claim and were furnished all information requested. On March 19, 1964, the plaintiff obtained an assignment of the claim from Glover, the named insured. On March 25th plaintiff's attorney wrote the adjuster requesting to be notified if it was incorrect in thinking that the loss had been reported; the claim had been investigated and the automobile inspected; that it was agreed to be a total loss; that there was no dispute about liability of the insurance company for the loss, the only issue being the amount, and further requesting instructions about selling the wrecked automobile. The letter was answered March 28th, the adjuster stating that he had talked to Burrell Motors and also to Mr. Burrell, that he needed information regarding ownership by Burrell Motors, that the insurance company had authorized payment between $300 and $400, and giving instructions regarding the sale of the property. The assignment of ownership was forwarded on April 17th and a demand for payment was made. In reply, the defendant's agent stated that "we are at this time again extending an offer of $400 less deductible as fair evaluation." The offer was rejected for inadequacy and the suit was filed August 12, 1964.

The question is whether these allegations are sufficient to support the pleaded conclusion that the insurer waived the filing of proof of loss forms as against special demurrer. The petition shows that the defendant was promptly notified and investigated the loss, which, however, is not of itself sufficient for this purpose. *Code Ann.* § 56-2428 (3) provides: "Without limitation of any right or defense of an insurer otherwise, none of the following acts by or on behalf of an insurer shall be deemed to constitute a waiver of any provision of a policy. . . (3) Investigating any loss or claim under any policy or engaging in negotiations looking toward a possible

settlement of any such loss or claim." Here, however, there is more, for the defendant, when directly called upon to deny, if it wished to, that the company admitted liability for the loss and contested only the amount, replied by stating merely that it had been authorized to offer a stated amount. This constituted a definite admission of liability. "In the ordinary course of business, when good faith requires an answer, it is the duty of the party receiving a letter from the other to answer within a reasonable time. Otherwise he is presumed to admit the propriety of the acts mentioned in the letter of his correspondent, and to adopt them." *Code* § 38-120. Obviously, between October 21, 1963, when the loss occurred, and March 19, 1964, when the plaintiff received the assignment from the named insured, the company if it desired proof of loss forms would normally have forwarded them for completion to Glover, the named insured, rather than to the plaintiff. When the plaintiff's letter of March 25th stating that the defendant admitted notice and liability was received and agreed to, the defendant, if it did not agree with the plaintiff's statement that the only issue was the amount of loss, should have so stated. Instead it reaffirmed liability by making a settlement offer, by giving directions as to disposal of the salvage, and again at a later time by offering to deduct a reasonable salvage value should the plaintiff decide to retain the car and remove certain items from it. This course of action waived any right on the part of the defendant to contest liability, as it is doing by means of these demurrers, on the ground that proof of loss forms were not received.

4. The court did not err in overruling the special demurrer to paragraph 12 of the petition respecting damages and attorney's fees. The grounds of this demurrer relate to the question of nonliability for any amount because of the absence of a timely filing of a proof of loss or waiver thereof. This demurrer is only a general demurrer insofar as the separate question of bad faith in refusing to pay the amount claimed is concerned.

The court did not err in overruling the general and special demurrers.

*Judgment affirmed. Jordan and Deen, JJ., concur.*

ARGUED MARCH 15, 1965—DECIDED JULY 2, 1965—
REHEARING DENIED JULY 16, 1965.

*Smith, Ringel, Martin & Carr, H. A. Stephens, Jr.,* for plaintiff in error.

*Bullock, Yancey & Mitchell, Kyle Yancey,* contra.

ON MOTION FOR REHEARING.

An examination of the record in *Travelers Indem. Co. v. Marks,* 111 Ga. App. 388 (141 SE2d 911) reveals that the terms of the insurance policy in that case were substantially the same as in this case and also as in *Southern Fire Ins. Co. v. Knight,* 111 Ga. 622, supra. In each case, one provision of the policy was to the effect that the insured shall, within a given period of time, furnish proofs of loss, and the other was to the effect that no action on the policy would be sustainable until after "full compliance by the insured with all the foregoing requirements." To the extent that there is a conflict between *Marks* and the present case, we are bound by the decision of the Supreme Court that such language, in the absence of a stipulation in the insurance contract, that the filing of proofs of loss *within a designated time,* is a condition precedent to recovery or will work a forfeiture, the failure to file within the time limited will not, as a matter of law, bar recovery. The same is true of: *South Carolina Ins. Co. v. Hunnicutt,* 107 Ga. App. 366 (1) (130 SE2d 239); *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311, supra; *Aetna Cas. &c. Co. v. Sampley,* 108 Ga. App. 617 (4) (134 SE2d 71).

*Rehearing denied.*