43375. CLOUD et al. v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

Hall, Judge. The trial court erred in sustaining the defendant's general demurrer to the petition on a collision insurance policy seeking collision damages to insured's vehicle. The petition alleged that at the time of the loss the plaintiffs had performed all the duties required of them by the policy, and that they had demanded and the defendant had refused payment of the loss. The insuring agreement of the policy was subject to the conditions that the insured file proof of loss within 60 days after the occurrence of loss, and that the amount of the loss be determined by appraisers on demand of either party.

As against a general demurrer, a petition "which alleges compliance with all the requirements of the policy, sufficiently alleges that the plaintiff has furnished proofs of loss within the time required by the policy." 29A AmJur 892, Insurance, § 1827. Accord *Security Ins. Co. v. Jackson*, 43 Ga. App. 13 (1) (158 SE 457); *New Zealand Fire Ins. Co. v. Brewer*, 29 Ga. App. 773 (2b) (116 SE 922); *Harris v. Towns*, 106 Ga. App. 217, 220 (126 SE2d 718). Cf. *Travelers Indem. Co. v. Marks*, 111 Ga. App. 388 (141 SE2d 911). See 46 CJS 327, 329, Insurance, § 1283. The allegations of this petition do not affirmatively show that the plaintiffs did not comply with

160

the condition requiring proofs of loss. Nor do the allegations show that either party demanded a determination by appraisers so as to make this a condition precedent to recovery on the policy. *Goldberg v. Provident Washington Ins. Co.*, 144 Ga. 783 (87 SE 1077). None of the decisions relied upon by the defendant dealt with the sufficiency of a petition, as against general demurrer, which alleged that the plaintiff had performed all of the conditions precedent to recovery, and did not show affirmatively that any condition had not been performed or waived.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*

Submitted January 12, 1968—Decided January 30, 1968.

*Smith & Cato, Ralph C. Smith, Jr.*, for appellants.
*Harold Lambert*, for appellee.