### 42427. FARM BUREAU MUTUAL INSURANCE COMPANY v. BENNETT et al.

DEEN, Judge. 1. "Binders or other contracts for temporary insurance may be made orally or in writing, and shall be deemed to include all the usual terms of the policy as to which the binder was given." *Code Ann.* § 56-2420. An allegation in a petition that an agent of the defendant insurer by oral agreement issued an oral binder obligating the principal on a contract of insurance is sufficient as against demurrer. *Rowell v. Georgia Cas. &c. Co.*, 109 Ga. App. 631 (2) (136 SE2d 917).

2. "Where a policy of insurance provides that when loss occurs, the insured shall file a sworn proof of loss within sixty days after the occurrence, and also provides that 'payment for loss may not be required nor shall action lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy nor until 30 days after proof of loss is filed and the amount of loss is determined as provided in this policy', a mere failure to furnish proper proofs of loss *within the 60-day period* will not work a forfeiture of the policy unless there is an express stipulation to that effect." *Progressive Mut. Ins. Co. v. Burrell Motors, Inc.*, 112 Ga. App. 88 (1) (143 SE2d 757).

3. This court will take judicial notice of the uniform mandatory form of fire insurance policies as prescribed by the Insurance Commissioner and published as an addendum to *Code Ann.* § 56-3201, which contains a provision that "within sixty days after the loss . . . the insured shall render to this Company a proof of loss, signed and sworn to by the insured," etc., and a provision as follows: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

4. Applying the foregoing law in testing the general demurrer to the petition in this case, where the petition alleges that the plaintiffs contracted with the defendant's agent authorized to accept applications and issue binders and policies in return for premiums paid, for insurance in the amount of $5,000 on a described building and $1,000 on its contents, paid the premium set for such insurance in the amount of $149.40, were given a receipt for the payment check by the agent indicating it was "for insurance," and were informed by the agent that coverage became effective as of noon, August 4, 1965, the date of the agreement, and that an insurance policy would be written up and delivered to plaintiffs, and where the building and contents were destroyed four days later, and the agent was notified the following day (at which time no policy of insurance had been delivered) these allegations are sufficient to allege, as against demurrer, a valid oral binder agreement. The petition further alleges that from August 8, 1965, to December 28, 1965, when plaintiff obtained coun-

sel to represent him in the matter, the insurer did not deny its liability under the policy, but led plaintiffs to believe that payment would be forthcoming. On December 28, counsel wrote the company requesting proof of loss forms. Coverage was denied, but the forms were mailed on January 10, 1966, and were filled out and returned on February 25, 1966. The suit was filed April 30, 1966. The standard fire insurance policy form contains no provision expressly stipulating that failure by the insured to furnish proper proofs of loss within 60 days from the date of loss will work a forfeiture, and the proofs of loss were in fact filed more than 60 days before the action was brought.

The trial court correctly overruled the general demurrer to the petition.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED NOVEMBER 7, 1966—DECIDED NOVEMBER 15, 1966.

*Preston & Preston, M. L. Preston, George E. Maddox,* for appellant.

*J. Max Cheney, Sharpe, Sharpe & Hartley, T. Malone Sharpe,* for appellees.