## 50365. DUTCH INNS OF AMERICA, INC. v. UNITED VIRGINIA LEASING CORPORATION et al.

STOLZ, Judge.

United Virginia Leasing Corporation (lessor) sued Dutch Inns of America, Inc. (lessee) for $246,696.93 plus $37,004.58 attorney fees on certain leases executed by the parties. The front page of the lease and the "attorney's fee notice" were attached to the unverified complaint. The defendant admitted the execution of the lease, the jurisdiction of the Whitfield Superior Court, and that the action was ex contractu for a liquidated sum. The answer denied the debt is past due or that attorney fees were owed. The defendant filed a third-party complaint against Country Squire Inn of Dalton, Inc., based on an agreement between "Dutch Inns" and "Country Squire," under which "Dutch Inns" assigned all of its title and interest in the leases to "Country Squire," which then assumed all of "Dutch Inns'" obligations under the leases. Plaintiff "United Virginia" moved for summary judgment. In support thereof, it relied on the pleadings and the affidavits of James M. Wells, its president, and John T. Averett, its attorney of record in this case. Essentially, Mr. Wells swore that he was familiar with the records of the plaintiff corporation and that according thereto, the defendant owed $246,696.93 by reason of the breach of the leases referred to in the plaintiff's complaint. The front pages of the leases were attached to Mr. Wells' affidavit as they had been to the plaintiff's complaint. Mr. Averett swore as to the contents and the facts surrounding the giving of the attorney fees notice attached to the

complaint. A copy of this notice was attached to the affidavit. Mr. Averett also swore that "he has personal knowledge of several attempts made by [plaintiff] to collect the indebtedness incurred by the defendant in the above styled action, but that such indebtedness has not, as of this date, been paid, *even though the defendant has acknowledged and admitted said indebtedness to affiant and the plaintiff's officers, agents and employees.*" The defendant filed a "Brief in Opposition to the Motion for Summary Judgment," but *no evidence* in opposition thereto. Subsequently, the plaintiff amended its motion for summary judgment by adding the remainder of the leases referred to in Mr. Wells' affidavit and attached thereto as exhibits. The amendment was not verified, but no objection or exception was made by the defendant. Subsequently, the defendant filed a "supplemental Brief in Opposition to Plaintiff's Motion for Summary Judgment." The essence of this second brief was the plaintiff's duty to minimize the damages by repossessing certain equipment and furnishings covered by the lease. In support of the brief, the defendant's counsel made affidavit and attached thereto copies of correspondence between the attorneys, in which the plaintiff is requested to repossess certain of the leased property, but which the plaintiff declines to do.

The plaintiff's motion for summary judgment in the amount sued for was granted by the trial judge. The defendant appeals. *Held:*

The lease could not be assigned by the defendant lessee without the prior written consent of the plaintiff lessor. This was never given. Thus the assignment/agreement between the defendant (lessee) and Country Squire Inns of Dalton, Inc. (third-party defendant) imposes no obligation on the plaintiff. The lease provided for acceleration of the entire amount due in the event of a default and the assessment of attorney fees. The evidence in support of the plaintiff's motion for summary judgment pierced the bare denial of the debt in the defendant's answer. See Code Ann. § 81A-156 (c); *Summer-Minter & Associates v. Giordano,* 231 Ga. 601, 603 (203 SE2d 173). The trial judge correctly granted the motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

SUBMITTED FEBRUARY 26, 1975 — DECIDED APRIL 8, 1975.

*Haas, Holland, Levison & Gibert, William R. King, Robert L. Schwind,* for appellant.
*Pittman, Kinney, Kemp, Pickell & Avrett, John T. Avrett,* for appellees.