## 53871. GREAT CENTRAL INSURANCE CO. v. BOWERY SAVINGS BANK.

SHULMAN, Judge.

The main issue presented in this appeal from a grant of summary judgment is whether a letter memorandum constituted sufficient notice within the meaning of an insurance contract requiring filing of proof of loss upon notice. The trial court found that "as a matter of law that this letter memorandum was not a notice contemplated by the clear and unambiguous terms of the insurance policy and therefore a proof of loss was timely filed." Accordingly, judgment was entered in favor of the loss-payee, Bowery Savings Bank, for the outstanding principal balance due on its loan and security deed plus prejudgment interest. Great Central Insurance Co. appeals from that judgment. We agree with the trial court.

1. It was established, by admission, that Great Central received, but rejected, a proof of loss from the insured. Shortly after this rejection, Great Central sent a letter to Bowery Savings Bank which read, in pertinent part, as follows: "A proof of loss has been submitted by . . .

[the insured] to my client and the proof of loss to the extent it contains any claim made by [the insured] against my client has been rejected. At this point, however, no proof of loss has been submitted by either of the above mentioned loss-payees. Accordingly, for your convenience in the event you should wish to submit a separate Proof of Loss to my client I attach a blank form for this purpose. . . The submission of the Proof of Loss, should you submit one, may be directed to me. . ."

Great Central contends that this letter was sufficient notice under a contract clause which provides that "[i]f the insured fails to render proof of loss such mortgagee, upon notice, shall render proof of loss . . . within sixty days. . ." It is undisputed that Bowery submitted proof of loss; it is disputed whether this was done within 60 days.

Although the determination of whether notice has been given is a question of fact for a jury, the construction or sufficiency of a notice is for the court. *Public Nat. Ins. Co. v. Wheat,* 100 Ga. App. 695 (9) (112 SE2d 194). See also *Stephens v. Bank of Camilla,* 133 Ga. App. 210 (4) (210 SE2d 358).

The letter as written was not sufficiently clear to convey to Bowery that notice of proof of loss was being requested pursuant to the terms of the contract. This being so, it cannot be said that Bowery failed to comply with conditions precedent. Since appellant failed to comply with contract provisions requiring notice, summary judgment as to liability was proper. Cf. *Nationwide Mut. Fire Ins. Co. v. Bridges,* 140 Ga. App. 242 (230 SE2d 491).

2. In a supplemental brief, appellant asserts that summary judgment was improperly granted as to damages. Although Great Central admitted that a fire occurred within the policy period which damaged the property involved in this action, it denied that the amount of damages to the insured property exceeded the amount alleged as due under the loan and security deed. The amount of total damages sustained as a result of the fire was also denied.

Evidence presented in support of appellee's motion for summary judgment pierced the bare denial of the debt in appellant's answer. *Dutch Inns v. United Va. Leasing*

*Corp.,* 134 Ga. App. 525 (215 SE2d 290). Appellee established that the damages sustained were at least equal to the amount claimed as owing under the policy. Since appellant failed to controvert this, the motion for summary judgment was properly granted as to damages.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED MAY 9, 1977 — DECIDED JUNE 13, 1977 — REHEARING DENIED JUNE 24, 1977 —

*Donald M. Fain, Michael S. Reeves,* for appellant.
*Schreeder, Wheeler & Flint, Lawrence S. Burnat, Cobb & Bell, B. Royce Bell,* for appellee.