### 56374. PARRIS v. GREAT CENTRAL INSURANCE COMPANY et al.

SHULMAN, Judge.

This is the second appearance of this case involving a claim by appellant-insured against appellee-insurer for a loss by fire. See *Great Central Ins. Co. v. Bowery Savings Bank,* 142 Ga. App. 630 (236 SE2d 772). The instant appeal follows a directed verdict entered in favor of the insurance company. We reverse the judgment.

1. This appeal turns on the construction of the fire insurance policy in force at the time of the loss.

Pertinent contract provisions read as follows:

"Requirements in case loss occurs. The insured shall give immediate written notice to this Company of any loss . . . and within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss . . ."

"Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall

have been complied with, and unless commenced within twelve months next after inception of the loss."

The directed verdict was sustained on the ground that appellant-insured was precluded from maintaining an action, and consequently recovering under the policy, because of his failure to establish that proof of loss had been submitted within 60 days of the loss. The stipulated evidence substantiates this fact. Proofs of loss were not submitted to the insurer within 60 days of the fire. The stipulated evidence also shows, however, that proofs of loss were submitted at least 60 days prior to the contract time limitation period for instituting suit. Under these facts, a directed verdict was improper.

The insurance policy contains no express stipulation to the effect that failure to submit a proof of loss within 60 days of the loss will result in forfeiture. Nor was there an express stipulation in the policy that furnishing a proof of loss within the time specified shall be a condition precedent to the bringing of an action against the insurer. Therefore, maintenance of the suit on the policy will not be barred solely by reason of the failure to timely submit proof of loss within 60 days after the loss so long as proofs of loss were furnished at least 60 days prior to the expiration of the contractual limitation period for filing. *Farm Bureau Mut. Ins. Co. v. Bennett,* 114 Ga. App. 623 (2) (152 SE2d 609); *Godley v. North River Ins. Co.,* 51 Ga. App. 242 (180 SE 385). See generally *Gregory v. Allstate Ins. Co.,* 134 Ga. App. 461 (214 SE2d 696). But see *Harp v. Fireman's Fund Ins. Co.,* 130 Ga. 726 (1) (61 SE 704) noting that in some jurisdictions, use of the word "unless" in the contract provision pertaining to "suit" is construed as a condition precedent to maintenance of suit demanding strict compliance.

Cases cited by appellee do not require a different result as they concern the total failure to file legally sufficient proofs of loss within the contract limitation period for filing. *Buffalo Ins. Co. v. Star Photo Finishing Co.,* 120 Ga. App. 697 (1b) (4a) (172 SE2d 159); *Newark Fire Ins. Co. v. Reese,* 32 Ga. App. 42 (1) (123 SE 41); *Milwaukee Ins. Co. v. Powell,* 108 Ga. App. 12 (132 SE2d 95). See also *Neese v. Milwaukee Mechanics Ins. Co.,* 84 Ga. App. 473 (66 SE2d 172).

2. We need not consider other reasons advanced by appellant as grounds for reversal.

*Judgment reversed. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED NOVEMBER 14, 1978 — REHEARING DENIED DECEMBER 1, 1978 —

*B. Royce Bell, J. Richard Edwards,* for appellant.
*Donald M. Fain, Nicholas C. Moraitakis,* for appellees.