## 58006. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF STATESBORO et al.

QUILLIAN, Presiding Judge.

Georgia Farm Bureau Mutual Insurance Company (Georgia Farm) brought an action for declaratory judgment against its insured, James E. Collins, and First Federal Savings & Loan Association of Statesboro (First Federal) in Candler Superior Court. The complaint as amended sought a declaration that a certain homeowner's policy covering the dwelling of the insured which. was destroyed by fire was nugatory, null and void because of certain material misrepresentations made by its insured in applying for the policy.

The controversy arose out of the following facts. First Federal held a mortgage on the insured's residence. The insured carried a homeowner's policy with State Farm Fire and Casualty Company. However, First Federal was notified that the policy had been cancelled effective May 16, 1977. In order to insure that there was no lapse of coverage on the dwelling on which it held a mortgage First Federal contacted Collins in an effort to get him to obtain insurance. When no policy was forthcoming, First Federal then contacted an agent of Georgia Farm with whom the insured was attempting to obtain insurance in order to ascertain why a policy had not been issued. Upon being informed that the insured had not paid the premium, First Federal entered into a binder agreement with Georgia Farm from June 1, 1977 to June 30, 1977 with the agreement if the premium were not paid in 3 days First Federal would pay the premium in full. The obligation to pay this premium was eliminated by the insured's payment by check of the premium on June 1, 1977. Georgia Farm issued a policy of insurance providing coverage from June 1, 1977 to June 1, 1978. This is a policy which is the focal point of the controversy. On June

29, 1977 Georgia Farm issued a notice of cancellation effective July 12, 1977 because of the return for insufficient funds of the check tendered in payment of the premium. First Federal then made contact with the agent of Georgia Farm, requested coverage and agreed that First Federal would pay the premium. The agent informed First Federal that Georgia Farm's home office would have to be contacted prior to reinstating the policy. On July 6, 1977 the agent notified First Federal that the policy had been reinstated and full coverage was provided and that the insured had paid the full premium in cash. Therefore, the bill for the premium would not be sent to First Federal. Thereafter, on July 7, 1977 a fire causing the total loss of the insured's dwelling occurred.

In the application for the insurance policy was an inquiry as to whether the insured had made a homeowner's claim within the past 3 years. The inquiry was answered in the negative, but it appears that the insured had made 2 claims with State Farm within the past 3 years. Georgia Farm contended that both its insured and First Federal failed to advise it of the former homeowner's claims, misrepresented the circumstances of the cancellation with State Farm, did not notify it of the delinquency of the insured on the loan with First Federal and was guilty of inceptive fraud as manifested by the repeated attempts to obtain the policy of insurance. The trial judge granted First Federal's motion for summary judgment on the basis that there were no grounds on which the policy might be voided as to First Federal, the mortgagee. Georgia Farm appeals the grant to this court.

1. In the trial court there were 2 basic grounds of fraud attributed to the mortgagee: (1) that it failed to inform the insurance company that there had been claims on a prior homeowner's policy; (2) that it failed to inform Georgia Farm that the insured was in default on his mortgage payments.

The mortgagee introduced undisputed proof that it had no knowledge of any claims filed by the insured under his other homeowner's policy. This effectively eliminated such issue.

As to the second ground it is argued that if Georgia Farm had known that the insured was behind in his

payments it would not have issued the policy.

Assuming such factor was material there is nothing to show the mortgagee was under any duty to disclose it. No misstatement was made in answer to any inquiry. An insurance company can not assert that a factor is material to the risk about which it has neither made inquiry or apprised its prospective insured. Code Ann. § 56-2409 (Ga. L. 1960, pp. 289, 660) on which Georgia Farm relies begins "All statements and descriptions in any application for an insurance policy or annuity contract, or in negotiations therefor, by or in behalf of the insured or annuitant shall be deemed to be representations and not warranties." Thus, unless the insurance company establishes that the insured knew about the purported material factor in assessing the risk or unless it is contained in the application then we find no basis for disclosure.

For example, let us assume that an insurance company would not issue a fire insurance policy on a dwelling without a smoke or fire detector. This would certainly be a valid or material consideration for determining whether to extend coverage. However, the prospective insured would not be required to disclose the absence of such feature in his home if he was neither asked about it nor otherwise informed that it was a material basis for issuance of the policy. Under these circumstances, an omission to inform the insurance company would not prevent recovery.

We therefore find that even if there was some evidence indicating that the insured's failure to make timely payments was material to the acceptance of the risk, the record is devoid of any duty on the part of the mortgagee to impart this information to Georgia Farm.

Georgia Farm argues that under the policy First Federal has a duty to inform it of a "substantial change in risk of which the mortgagee is aware." However, this provision applied only after the policy was in effect, not at its inception. At the time the insurance contract was entered into on June 1, 1977 the insured was in arrears only on his May payment to First Federal, the June payment was due but not overdue. On June 24, 1977, First Federal, through its attorneys, notified the defendant

Collins that unless past due payments were made by July 6, 1977, foreclosure proceedings would be commenced. On June 29, 1977, Georgia Farm sent its notice of cancellation effective July 12, 1977, to its insured (Collins) and to First Federal.

The entire provision to which Georgia Farm refers states that the denial of a claim to its insured "shall not apply to a valid claim of the mortgagee, if the mortgagee: a. notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware." In normal parlance the term "risk" mentioned in the policy would refer to a risk relative to the dwelling, not a financial risk involving the insured. Moreover, having found no burden to disclose the insured's financial status at the policy's inception, we do not interpret the quoted language to impose a duty on First Federal to immediately inform Georgia Farm that Collins was in arrears with his payments.

Nevertheless, even if the language could be construed as requiring disclosure on First Federal's part, we find the phrase inapplicable in the context here. There is no mention made as to when such notice must be given. If notice was a condition for recovery, there is no standard establishing at what point a failure to give such notice was fatal. Presumably, if notified, the only action Georgia Farm could have taken would have been cancellation of the policy under the provisions thereof and under the applicable law, to wit; Code Ann. § 56-2430 (Ga. L. 1960, pp. 289, 671; as amended through Ga. L. 1975, p. 1242).

Under the policy and the law, a policy may be cancelled "for failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums for the policy" or a policy in effect for less than 60 days may be cancelled *for any reason* "by giving not less than 10 days written notice to the insured and lienholder." Code Ann. § 56-2430. Georgia Farm gave its insured and First Federal 10 days notice of cancellation for lack of payment which is all it could have done under the companion *for any reason* basis. Thus, on the record before us there was nothing to establish any detriment to Georgia Farm.

In the instant factual situation, there was no

fiduciary relation between Georgia Farm and First Federal. Also, it is clear that First Federal was acting to protect its own interests and in no way was acting as an agent for the insured.

"Fraud may be consummated by signs or tricks, acts or silence, concealment when there is a duty to disclose, or by any other unfair way used to cheat another. Code Ann. §§ 37-705 and 105-304." *Ringer v. Lockhart,* 240 Ga. 82, 84 (239 SE2d 349). Here the trial judge correctly found no agency, no confidential or fiduciary relation, no duty to disclose and thus no grounds as against First Federal.

2. The plaintiff urges: "The trial judge erred in failing to pass upon the issue of fact raised by the failure of First Federal Savings and Loan Association of Statesboro to file a proof of loss as required under the terms of the contract."

In its complaint Georgia Farm alleged: "That the Defendant, First Federal Savings and Loan Association of Statesboro, has failed to meet a condition precedent to recovery under the terms of the policy, by its failure to submit a signed, sworn statement of loss within sixty (60) days after receiving notice from Georgia Farm Bureau Mutual Insurance Company of the failure of James E. Collins to recover under said policy."

The policy addresses itself to plaintiff's insured and states "If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee: submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so." See Section I-Conditions, par. 12 of the policy. As we construe that language the notice to the mortgagee must inform the mortgagee of the insured's failure to submit a signed, sworn statement of loss within 60 days after request. See Section I-Conditions, par. 2 (e) of the policy.

Here the complaint alleged that the insurance company sent the mortgagee notice of the failure of its insured to recover under the policy. While we do not construe the language of the pleadings against the pleader, we do interpret plain language to mean exactly what it states. The notice alleged to have been sent did not comply with the policy terms. Thus, as was held in *Great Central Ins. Co. v. Bowery Savings Bank,* 142 Ga. App. 630

(1) (236 SE2d 772) since the insurance company failed to comply with the contract provisions requiring notice, it cannot be said that the mortgagee failed to comply with conditions precedent. Summary judgment for the mortgagee was proper.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED JUNE 12, 1979 — DECIDED SEPTEMBER 7, 1979 — REHEARING DENIED OCTOBER 24, 1979.

*Ogden Doremus,* for appellant.
*Sam L. Brannen, Francis Stubbs,* for appellees.