A96A1353. APPLEBY v. MERASTAR INSURANCE COMPANY.
(477 SE2d 887)

RUFFIN, Judge.

Margaret Appleby sued her homeowners insurance carrier, Merastar Insurance Company ("Merastar"), alleging that it failed to pay for a loss she suffered when her home was burglarized. Merastar moved for summary judgment on the ground that Appleby did not file her complaint within one year after the date of the loss as required by the insurance policy. The trial court granted Merastar's motion, and Appleby appeals from that order. For reasons which follow, we reverse.

Summary judgment should be granted only where "the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case." *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

Viewed in this light, the evidence of record shows that Appleby's homeowners insurance policy provided that "[n]o action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." Appleby's loss occurred on November 27, 1993, and she promptly reported the loss to Merastar. On February 23, 1994, Merastar examined Appleby under oath as authorized by the policy. On June 2, 1994, Merastar's counsel, William Claxton, sent Appleby a letter stating that "there are questions regarding this loss" and scheduling a second examination under oath for June 28, 1994. Appleby called Claxton to postpone the examination, and it was rescheduled for August 9, 1994. The examination was again rescheduled for October 27, 1994, after Appleby informed Claxton that her attorney could not attend.

At some point Appleby moved to Florida, and the parties became embroiled in a dispute over the date and site for the examination. Although the examination was eventually rescheduled to take place in Florida on November 4, 1994, Appleby again cancelled.

What occurred next is disputed by the parties. Appleby's attorney at the time, Robert McLeod, stated in an affidavit that he and Claxton agreed to conduct the examination on January 6, 1995, subject to Appleby's approval. McLeod further stated in his affidavit that because Appleby was going to be out of the country on that date, Claxton orally agreed to conduct the examination on February 6, 1995.

Merastar contends that Claxton never agreed to conduct the examination on January 6, 1995 or February 6, 1995. In support of this contention, Merastar points to a letter Claxton sent to McLeod's secretary confirming his conversation concerning the January 6, 1995 examination date. In that letter Claxton stated that "[t]his matter has dragged on far too long and we need to conclude our investigation before the January 6th date you agreed to. Please provide us with an earlier date when Ms. Appleby can make herself available to conduct the [examination] so our investigation may be completed." In his affidavit, Claxton denied he ever agreed to conduct the examination on January 6, 1995 or February 6, 1995. Finally, the record shows that in four separate letters concerning the examination, Merastar informed Appleby that "[b]y investigating this loss, Merastar does not waive, nor intend to waive, any defenses available to it, but specifically reserves all defenses available under its policy as well as under Georgia law."

The foregoing evidence is sufficient to create a triable issue of fact as to whether Merastar waived the one-year limitation in Appleby's insurance policy. We note first that the one-year limitation in the policy is valid and binding on the parties. *Suntrust Mtg. v. Ga. Farm &c. Ins. Co.*, 203 Ga. App. 40, 41 (416 SE2d 322) (1992). Accordingly, absent any evidence that Merastar waived the limitation, Appleby's suit would have been barred because she filed it more than one year after her loss. However, "an insurer can be held to have waived a limitation period when its 'investigations, negotiations, or assurances . . . up to and past the period of limitation . . . led the insured to believe the limitation would not apply.' [Cit.]" Id. at 42. Because OCGA § 33-24-40 permits an insurer to investigate claims without waiving such limitation, not all conduct by the insurer will lead to waiver. It is only where the insurer's conduct reasonably leads " 'the insured to believe that a strict compliance with the limitation provision would not be insisted upon.' [Cit.]" *Brown v. Nationwide Ins. Co.*, 167 Ga. App. 84, 85 (306 SE2d 62) (1983). Where there is evidence of such conduct, the issue of waiver is a question of fact for a jury to decide. *Commercial Union Ins. Co. v. F.R.P. Co.*, 172 Ga. App. 244, 248 (1) (322 SE2d 915) (1984).

Although Merastar argues that it did not agree to any examination after the one scheduled for November 4, 1994, McLeod's affidavit testimony offers conflicting evidence. If a jury were to believe McLeod's testimony that Merastar agreed to examine Appleby in January or February, after expiration of the one-year limitation period, then the jury might also find, contrary to the statements in Claxton's letters, that Merastar did waive the limitation defense. Compare *Shelter America Corp. v. Ga. Farm &c. Ins. Co.*, 209 Ga. App. 258, 259 (1) (433 SE2d 140) (1993) (summary judgment proper

where insurer repeatedly stated it was not waiving defenses and there was no evidence of waiver). Accordingly, because there is evidence that Merastar may not have insisted on strict compliance with the limitation provision, the trial court erred in granting Merastar summary judgment.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED NOVEMBER 5, 1996 — 

*Welch, Spell, Reemsnyder & Pless, Ronald D. Reemsnyder, Hope R. Arbery,* for appellant.

*Goodman, McGuffey, Aust & Lindsey, William P. Claxton, Joseph M. Maguire, Jr.,* for appellee.