A97A2136. COTTON STATES MUTUAL INSURANCE COMPANY
v. WALKER et al.
(500 SE2d 587)

BEASLEY, Judge.

Chris and Melissa Walker sued Cotton States Mutual Insurance Company to recover under their homeowner's policy of insurance. This appeal addresses the legal validity of the trial court's denial of Cotton States' motion for summary judgment.

On May 6, 1995, when the Walkers' home was insured under a general homeowner's policy of insurance issued by Cotton States, fire destroyed the house and its contents. Among the provisions of the policy were requirements that: in the event of a loss, the Walkers send to Cotton States a signed, sworn proof of loss containing certain specified information; the proof of loss be sent within 60 days after Cotton States' request; and a prohibition against the Walkers' filing suit against Cotton States unless they had complied with all provisions of the policy.

1. The entire record is considered de novo when reviewing denial of a motion for summary judgment to determine whether or not genuine issues of material fact exist which would preclude summary judgment or whether, given the undisputed facts, the movant is entitled to judgment as a matter of law. *Cambridge Mut. Fire Ins. Co. v. Okonkwo*, 218 Ga. App. 59, 61 (1) (460 SE2d 302) (1995). If a defendant who will not bear the burden of proof at trial points to an absence of evidence to support plaintiff's case, the plaintiff, to avoid summary judgment, may not rest on his pleadings, but must point to specific evidence giving rise to a triable issue. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The trial court was right. There are issues of fact to be decided by a jury.

First of all, the policy does not include the provision necessary to prevent suit solely on the basis that the Walkers failed to file proof of loss within 60 days after the insurer's request. Case law establishes that "a mere failure to furnish proper proofs of loss within the 60-day period will not work a forfeiture of the policy unless there is an express stipulation to that effect. [Cits.]" (Emphasis omitted.) *Progressive Mut. Ins. Co. v. Burrell Motors*, 112 Ga. App. 88 (1) (143 SE2d 757) (1965). The opinion on motion for rehearing in that case emphasizes that an express stipulation is required and that a statement that full compliance with all requirements in the policy is nec-

essary is not enough. Accord *Farm Bureau Mut. Ins. Co. v. Bennett*, 114 Ga. App. 623, 624 (2) (152 SE2d 609) (1966); *Parris v. Great Central Ins. Co.*, 148 Ga. App. 277, 278 (1) (251 SE2d 109) (1978); *Canal Ins. Co. v. Savannah Bank &c. Co.*, 181 Ga. App. 520, 521 (2) (352 SE2d 835) (1987).

The requirement for proof of loss is set out in the portion of the policy spelling out "Your Duties After Loss." It does not state that unless this is accomplished within the 60 days, the insurer will have no liability for payment. Nor does the provision regarding "Suit Against Us" include an express forfeiture stipulation but simply states that "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." This is insufficient, as the cases cited above hold. Nowhere in the policy is there the express stipulation that allows forfeiture of benefits if the proof of loss is late.

Consequently, Cotton States was not entitled to summary judgment on the ground that the proof of loss was filed beyond the time provided in the policy and thereby constituted a forfeiture of payment of the claim.

2. Even if this were not so, the issue would remain whether the insurer's agent, Barbara Stewart, waived the 60-day requirement for sending the proof of loss called for by the policy in paragraph 2 (g) of the section entitled "Conditions."

By letter dated and mailed June 27, 1995, Special Claims Representative Stewart notified one of the insureds, Chris Walker, that the insurer had received notice of the fire at his residence on the sixth day of the previous month. One of the requests made was for submission of a completed proof of loss form, which was enclosed, in accordance with paragraph 2 (g).

Prior to that letter, and upon instruction from their attorney, the insureds had prepared an inventory of the contents of their home destroyed by the fire. It gave a listing, arranged by room and category, of each item of personal property, the age of each item and the cost of each. One of the express duties imposed on an insured in paragraph 2 of the policy Conditions is: "prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss."

Melissa Walker, for herself and as agent for her husband Chris, met with Claims Representative Barbara Stewart at the office of the Walkers' attorney on July 7. Stewart recorded the interview. The inventory was presented to her, but she rejected it because it was not on the form which had been sent to Chris and she gave another copy of it to Melissa. According to Melissa, Stewart advised that "every bit" of the inventory had to be redone because "it was not in the proper format." She instructed Melissa to "shop around and double-

check on all the prices to make sure everything was accurate . . . to go into further detail and to do more research on it." Melissa had done that to an extent but had not gone into great detail in finding actual prices and had not called people who had given them gifts to find out those prices.

Of critical importance on the issue of waiver is the following further testimony of Melissa with respect to the instructions Stewart gave to her at that meeting. She testified that Stewart "told [her] . . . to take [her] time and that [she] didn't have to be in any big hurry, because it would take plenty of research to do it." Melissa confirmed that it did take a lot of research, and that she "had to go into great detail." She repeated later: "Like I said, she just told me to take my time, that it would take plenty of time to go into great detail." Considering that the three-bedroom house and all the contents of the house and garage and breezeway were lost, a jury could find such testimony credible. After all, ten days had already passed since the request was sent to Chris, which would have left only fifty, and Melissa herself would have had sixty more, counting the meeting as the time when the insurer made the request to her.

The form was worked on and finally completed and dated May 1, 1996, and sent. In explanation of the long time it took to complete the form, Melissa pointed out in her affidavit that the insurer "placed virtually impossible conditions on what would suffice for the proof of loss, to wit: finding the place of purchase of personal property which was given to [her] and her husband as gifts; the purchase price of those gifts; the depreciated value of personal property which has no market for resale." Considering this and what had been said at the meeting, Melissa had no doubt that the Walkers complied with Stewart's instructions.

As stated above, the policy provides as a condition that "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." The insurer never did send a written request for proof of loss to Melissa, one of the two insureds, but the representative did hand her a form at the meeting she attended for herself and her husband. With respect to the provision that the proof of loss be sent "within 60 days after our request," the issue for the jury to resolve is whether that was waived by the instructions of Stewart at the meeting.

" '[A]n insurer can be held to have waived a limitation period when its "investigations, negotiations, or assurances . . . up to and past the period of limitation . . . led the insured to believe the limitation would not apply." (Cit.)' " *Appleby v. Merastar Ins. Co.*, 223 Ga. App. 463, 464 (477 SE2d 887) (1996). Waiver can occur "only where the insurer's conduct reasonably leads the insured to believe that a strict compliance with the limitation provision would not be insisted

upon." (Citations and punctuation omitted.) Id. It would not be unreasonable to infer that, since the request to Melissa as an insured was informal and oral, the instruction to her for herself and as agent for her husband, without a time limitation, also was intended to be an informal and oral waiver of the 60-day period contained in the very same condition of the policy. Melissa was entitled, just as much as Chris was, to receive a request before she had a duty to submit a proof of loss. See *Decatur Fed. Sav. &c. Assn. v. York Ins. Co.*, 147 Ga. App. 797, 799 (4) (250 SE2d 524) (1978) (duty to file proof of loss does not arise until notice provided for by policy is given).

3. There remains one problem to resolve. Although the suit was filed within the contractual limit of one year after the date of the loss (fire May 6, 1995, suit filed May 3, 1996), Condition No. 10 of the policy allows the insurer 60 days after receiving the proof of loss in which to pay the claim. This has been construed once to mean that the proof of loss must be filed "at least 60 days prior to the expiration of the contractual limitation period for filing." *Parris*, supra, 148 Ga. App. at 278 (1). The proof of loss is dated May 1, two days before the Walkers filed suit so as to meet the contractual limitation. But, unlike the policy in *Farm Bureau Mut. Ins. Co.*, supra, the policy does not contain such a requirement as a condition of suit, and it must be construed against the insurer, which prepared it. *Hurst v. Grange Mut. Cas. Co.*, 266 Ga. 712, 716 (4) (470 SE2d 659) (1996); *Decatur Fed. Sav. &c. Assn.*, supra at 798 (2); OCGA § 13-2-2 (5).

If the condition is construed as it was in *Parris*, and an express stipulation on this point is not required by law, then the suit would be premature as 60 days had not yet run from the time the insurer received the proof of loss, which is when its liability for payment would commence. *Buffalo Ins. Co. v. Star Photo &c. Co.*, 120 Ga. App. 697, 702 (1) (a) (172 SE2d 159) (1969) (" 'demand for payment . . . must be made at a time when a demand for immediate payment is in order' "); *Godley v. North River Ins. Co.*, 51 Ga. App. 242 (1) (180 SE 385) (1935) (suit can be brought provided, among other things, it is "in accordance with any . . . provisions in the policy fixing the beginning of liability at a specified time after receipt of notice or proof of loss and limiting the time for suit after the loss"). Cotton States does not take the position that the suit was premature.

If an express stipulation is not needed to preclude suit until sixty days have passed since the insurer received the proof of loss, then there still remains a jury question whether the waiver, if there was one, included also the sixty-day opportunity for Cotton States to respond in advance of suit. It is for a jury to decide if Cotton States' instructions to Walker, including that she take her time preparing the proof of loss and that she did not have to hurry, waived the sixty-day deadline in advance of the one-year contractual limitation period

in which to submit the proof of loss. Cotton States does not contend that suit was too late. If the jury finds a waiver, then the filing of the suit "within one year after the date of loss," as provided in the policy, was timely.

The trial court correctly denied summary judgment to Cotton States, the insurer.

*Judgment affirmed. McMurray, P. J., concurs. Smith, J., concurs in the judgment only.*

DECIDED MARCH 19, 1998 —
RECONSIDERATION DENIED APRIL 3, 1998.

*Swift, Currie, McGhee & Hiers, Michael H. Schroder, Joan P. Shaker*, for appellant.

*Weaver & Weaver, George W. Weaver*, for appellees.