## A01A1092. GILBERT v. SOUTHERN TRUST INSURANCE COMPANY.
### (555 SE2d 69)

ANDREWS, Presiding Judge.

Retha Gilbert appeals from the trial court's grant of summary judgment to Southern Trust Insurance Company on her suit to recover benefits payable under her homeowners and automobile insurance policies. For the following reasons, we conclude the trial court erred in granting summary judgment to Southern and reverse.

This case arose when a fire partially destroyed Retha and Henry[1] Gilbert's house on February 12, 1995. Also damaged in the fire were a car and a truck insured by Southern. On March 9, 1995, the Gilberts submitted a sworn proof of loss form to Southern. Southern sent adjusters to the house who examined the house and the vehicles, took pictures, and removed a substantial portion of the furniture to be refinished. On May 16, 1995, the Gilberts were examined under oath by counsel for Southern, as required by the policy. After this examination, the Gilberts sent Southern a demand letter for payment under the policies, but according to the Gilberts' affidavit, Southern did not respond.

Southern then cancelled the Gilberts' homeowners and automobile policies. Shortly after, on July 8, 1995, the Gilberts' home burned again and was totally destroyed.

At some point, Southern offered the Gilberts $69,000 for the house and $43,000 for the personal property and fixtures. According to the Gilberts' affidavit, they accepted the above amounts as the actual value of the property, provided Southern would agree to pay an additional amount for the replacement cost of the house and personal property.[2]

On August 4, 1995, Southern sent counsel for the Gilberts a letter stating that Southern was invoking the appraisal clause and naming its appraiser. The appraisal clause provided: "If you and we fail to agree on the amount of loss, either may demand an appraisal

---

[1] Henry Gilbert died on May 3, 1997, after the suit was filed in the trial court, but before the appeal was filed here.

[2] The Gilberts had purchased a "replacement cost" rider to their policy, and this rider provided: "You may make a claim for loss on an actual cash value basis and then make claim within 180 days after the loss for any additional liability in accordance with this endorsement."

of the loss. In this event, each party will choose a competent appraiser within 20 days after receiving a written request from the other. . . ."

Around this time, the Gilberts' attorney became ill, and Southern agreed to an extension of time for the Gilberts to name their appraiser. After the Gilberts' attorney returned to work on September 20, 1995, counsel for Southern sent him a letter stating, "This is to confirm that you have agreed to designate Henry and Retha Gilbert's appraiser within the next week."

On November 8, 1995, the Gilberts' counsel wrote Southern referencing the appraisal process and Southern's offer of $69,000 for the house and $43,000 for the contents. The letter stated that the Gilberts would accept that amount as payment of the actual cash value. Then, as provided by the policy, once actual replacements were made, the Gilberts could file an additional proof of loss as to the replacement value. This acceptance of the amount offered "will do away with any necessity for any further appraisal process. . . ."

On November 22, 1995, the Gilberts' counsel sent Southern a letter which appears to be responding to a letter from Southern on November 15. Counsel stated that he was unaware that Southern had withdrawn its offer of payment and named Doug White as the appraiser. It was later discovered that White was with the same firm as Southern's appraiser.

Then, on February 1, 1996, the Gilberts' attorney sent Southern a letter stating that the house had been replaced and they were submitting an amended proof of loss for the replacement amounts. He also named another appraiser who had agreed to act for them.

Counsel for Southern wrote the Gilberts' attorney on February 7, 1996, claiming that "the Gilberts' refusal to name an appraiser on their house and personal property claim until the last minute has rendered appraisal of that claim impossible." The letter goes on to state, "The house which was damaged by the fire has been totally demolished. It is impossible to appraise the damage to property which no longer exists."

This letter from Southern's counsel refusing to proceed with the appraisal process also notified the Gilberts that Southern refused to make any payment on the claims and was not waiving the suit limitation clause. As a result, the Gilberts filed the instant suit on February 9, 1996.

Southern then moved for summary judgment, claiming that the Gilberts failed to comply with the appraisal provision of the policy and this was a condition precedent to filing suit on the policy. The trial court granted the motion. This appeal followed.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of

material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When reviewing the grant or denial of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997).

1. First, we note that although the automobile policy did not contain any time requirements for naming an appraiser, Southern likewise refused to participate in an appraisal of the vehicles damaged in the fire. The trial court's order expressly found that the "Plaintiff's February 1, 1996 appointment of an appraiser was not per se untimely" under the automobile policy. Nevertheless, the court goes on to grant Southern summary judgment, stating that completing the appraisal process was a condition precedent to filing suit under the terms of the automobile policy. Although this is a correct statement, it ignores the evidence that the Gilberts did name an appraiser and suit was filed because Southern refused to participate in the appraisal process. Accordingly, there are issues of fact which must be resolved on this claim, and the court erred in granting summary judgment to Southern on the suit on the automobile policy.

2. The trial court also erred in granting summary judgment to Southern on the homeowners policy. As set out above, it was Southern's refusal to waive the time limitation for filing suit and refusal to proceed with the appraisal process which caused this suit to be filed. Contrary to Southern's contention in its brief on appeal, the Gilberts did not refuse to proceed with the appraisal process; Southern did. The underlying question then becomes, did the Gilberts' failure to timely name an appraiser result in a forfeiture of coverage under the policy?

On a similar issue, failure to timely file a sworn proof of loss, this Court has consistently held that the mere failure to furnish the insurer with sworn proofs of loss within the period specified in the policy will not work a forfeiture of the policy unless there is an express stipulation to that effect. *Cotton States Mut. Ins. Co. v. Walker*, 232 Ga. App. 41 (500 SE2d 587) (1998); *Canal Ins. Co. v. Savannah Bank &c. Co.*, 181 Ga. App. 520, 521 (352 SE2d 835) (1987); *Progressive Mut. Ins. Co. v. Burrell Motors*, 112 Ga. App. 88 (143 SE2d 757) (1965). And, "a statement that full compliance with all requirements in the policy is necessary is not enough." *Cotton States*, supra at 41-42 (1).

"An insurer can be held to have waived a limitation period when its investigations, negotiations, or assurances up to and past the period of limitation led the insured to believe the limitation would not apply." (Punctuation omitted.) *Cotton States*, supra at 43 (2). And,

where the application of a contractual limitation would work a forfeiture of the policy benefit, "the court will strictly construe the provision against the insurance company and small circumstances will be sufficient to show a waiver by the company." (Punctuation omitted.) *Decatur Fed. &c. Assn. v. York Ins. Co.*, 147 Ga. App. 797, 798 (2) (250 SE2d 524) (1978).

Here, the record, as discussed above, shows evidence of more than just small circumstances from which a trier of fact could determine that Southern had waived strict compliance with the time limit in which to designate an appraiser. In addition, the record before us shows no evidence that Southern was prejudiced by any delay. Although Southern's letter refusing to go on with the appraisal process states that appraisal was now impossible because the house was totally demolished, Southern did not invoke the appraisal provision in the policy until August 4, 1995. The house had already totally burned at that time.

Also, there was evidence that the Gilberts could reasonably have believed that there was no longer a need to designate an appraiser at that time. They accepted Southern's offer for the present value of the house and planned to submit an amended proof of loss when they had determined the replacement amount. "The question of the sufficiency of the excuse offered [for failing to comply with a condition precedent to coverage] is generally a question of fact[ ] to be determined by the jury." (Punctuation omitted.) *Blackburn v. State Farm Fire &c. Co.*, 174 Ga. App. 157, 159 (329 SE2d 284) (1985).

"Stipulations and conditions of an insurance policy are to have a reasonable meaning and are to be construed, if possible, to avoid forfeitures and provide coverage and to advance the beneficial purposes intended to be accomplished." (Punctuation omitted.) *Jackson Nat. Life Ins. Co. v. Snead*, 231 Ga. App. 406, 410 (4) (499 SE2d 173) (1998). In light of this and for the reasons discussed above, we conclude that the trial court erred in granting Southern's motion for summary judgment.

*Judgment reversed. Eldridge and Miller, JJ., concur.*

DECIDED OCTOBER 3, 2001 —
RECONSIDERATION DENIED OCTOBER 22, 2001.

*Heyman & Sizemore, William B. Brown, George H. Myshrall, Jr., Jacqueline Marcucci*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Dennis J. Webb, Marvin D. Dikeman*, for appellee.