A03A0933. EVANS v. OHIO CASUALTY INSURANCE COMPANY et al.
(591 SE2d 378)

MILLER, Judge.

Samuel C. Evans sued Ohio Casualty Insurance Company and United Services Automobile Association (USAA) to settle claims for damage to property caused by fire.[1] Both Ohio Casualty and USAA defended on the ground that any claim was barred because Evans did

---

[7] Id.
[8] See *Caldwell v. State*, 263 Ga. 560, 562 (2) (436 SE2d 488) (1993); *Donaldson*, supra.
[9] See *Caldwell*, supra at 563; *Donaldson*, supra.
[1] Evans amended his complaint to also include as a defendant, Jon McPhail, counsel for Ohio Casualty. The court dismissed Evans's claim against McPhail on the ground that the complaint failed to state a cause of action.

not comply with procedural requirements of the respective insurance contracts. The trial court granted summary judgment to Ohio Casualty and USAA, and Evans files a pro se appeal. We affirm in part and reverse in part.

Summary judgment is appropriate where " 'the court, viewing all the facts and reasonable inferences from those facts in a light most favorable to the non-moving party, concludes that the evidence does not create a triable issue as to each essential element of the case.' " *Appleby v. Merastar Ins. Co.*, 223 Ga. App. 463 (477 SE2d 887) (1996), quoting *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (4) (405 SE2d 474) (1991).

Viewed in this light, the evidence showed that property, owned by Evans and insured by both Ohio Casualty and USAA, was destroyed by fire on June 27, 1998. Ohio Casualty refused to settle any claim with respect to the property as did USAA. In the case of a loss to covered property, both contracts of insurance required, inter alia, that Evans send to the insurers, within 60 days after requested, a sworn proof of loss, and that Evans submit to an examination under oath as often as the insurers reasonably required.

1. In three enumerations, Evans challenges the grant of summary judgment to Ohio Casualty, mainly arguing that he complied with the requirement that he give a statement under oath. Ohio Casualty argues that because Evans terminated the session in which he was giving his sworn statement, he did not complete this requirement of the insurance contract. We disagree.

On January 26, 2000, Evans submitted to the examination under oath. After being questioned for nearly three hours, Evans became upset about the manner in which he was being questioned, stated, "We're going to suspend this . . . ," and ended the examination. Just prior to leaving, Evans stated, "I intend to cooperate with a sensible examination . . . and . . . will contact Judge Russell's chambers immediately and ask the court to appoint a supervisor or some means in which to get this thing done. . . ." He further stated that he was willing to reconvene at the court's convenience and later set up a date, time, and place to continue the statement at the courthouse, which Ohio Casualty did not attend. Given this evidence, a jury could find that after three hours of questioning and a willingness to continue the examination with the assistance of the court, Evans substantially complied with the requirement of the insurance contract. As there is a genuine issue of material fact raised here by the evidence, the trial court erred in granting Ohio Casualty's motion for summary judgment.

2. USAA moved for summary judgment on the ground that following USAA's request therefor, Evans failed to submit a proof of loss as required by the policy. Evans argues that USAA's refusal to pay

the claim waived the requirement of the proof of loss. He contends that USAA hired an investigator and stated that it was not certain if such loss was covered as the property was vacant.

Under OCGA § 33-24-40 (3), an insurer may investigate any loss or claim under a policy without waiving "any provision of a policy or . . . any defense of the insurer under the policy." In addition, contrary to Evans's argument, USAA's defense (as asserted in the answer to the complaint) that Evans could not recover due to the fact that the dwelling was vacant did not relieve him of his obligation to comply with the requirements of the contract. As there was no evidence presented that Evans submitted a proof of loss as requested by USAA and as required by the contract of insurance, the trial court properly granted summary judgment to USAA.

*Judgment affirmed in part and reversed in part. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED NOVEMBER 14, 2003 —
RECONSIDERATION DENIED DECEMBER 2, 2003 — 

Samuel C. Evans, *pro se.*
*Drew, Eckl & Farnham, Harold M. Bagley, McCalla, Raymer, Padrick, Cobb, Nichols & Clark, Robert J. Hulsey, Jon B. McPhail*, for appellees.